NOT DESIGNATED FOR PUBLICATION

No. 121,129

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM D. HICKEY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed November 27, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: William D. Hickey appeals the imposition of a 180-day sanction after admitting to violating his probation for the third time by testing positive for marijuana and driving with a suspended license. He asserts the district court abused its discretion by ordering him to serve the 180-day sanction.

We granted Hickey's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded, asserting that the district court's ruling was supported by the facts and statutory authority. After reviewing the record on appeal and finding no error, we affirm the district court's ruling.

1

In April 2017, Hickey pled guilty to one charge of criminal possession of a weapon by a convicted felon, in violation of K.S.A. 2016 Supp. 21-6304(a)(3)(A), a severity level 8 nonperson felony.

On June 21, 2017, the district court granted Hickey's request for a departure and sentenced him to 20 months in prison but released him on probation for a term of 18 months.

In July 2017, Hickey admitted to violating his probation by driving with a suspended license. He waived a violation hearing and accepted a three-day jail sanction. In November 2017, Hickey admitted to violating his probation again by failing a urine test which tested positive for marijuana. He waived a violation hearing and accepted a two-day jail sanction. Later that month, Hickey was arrested after he failed to complete drug and alcohol treatment as directed. The district court conducted a violation hearing on December 15, at which it imposed another three-day jail sanction.

In July 2018, Hickey was arrested again for several traffic and drug-related offenses. The State also alleged he had violated several terms of his probation. In September 2018, Hickey was arrested for domestic battery and criminal damage to property. After a probation violation hearing on August 20, 2018, and October 16, 2018, the district court imposed a 120-day prison sanction.

In February 2019, the State filed a warrant alleging Hickey had violated his probation by leaving the county without prior approval from his probation officer, had tested positive for marijuana on a urine sample, and had driven with a suspended license. The district court conducted a violation hearing on April 5, 2019. The State withdrew the first allegation and Hickey admitted to testing positive for marijuana and driving with a suspended license. Hickey asked the court to impose a quick dip of up to 18 days or a 180-day prison sanction rather than revoke his probation.

The district court found Hickey had violated his probation but reinstated probation for 18 months, imposed a 180-day prison sanction, and allowed Hickey to serve the remainder of his probation in Ellis County upon release from prison.

On appeal, Hickey argues the district court abused its discretion by ordering him to serve a 180-day sanction after he admitted to violating his probation for what amounted to the fifth time.

Once Hickey stipulated to violating the terms of his probation, the disposition decision was within the district court's sound discretion. See *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Hickey bears the burden of showing an abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Hickey acknowledges that under K.S.A. 2018 Supp. 22-3716(c), once a probation violation has been established, the district court may impose an appropriate disposition within the parameters of the statute. Subsection (c)(1)(D) allows the court to impose a 180-day prison sanction after at least one prior jail sanction has already been imposed. K.S.A. 2018 Supp. 21-3716(c)(1)(D).

Hickey appears to argue that the district court abused its discretion when it ordered him to serve a 180-day prison sanction because it could have imposed a lesser sanction. But because Hickey admitted to violating the terms of his probation and he does not dispute that he previously received several other sanctions for violating his probation, the district court was well within its discretion to impose the 180-day sanction. Hickey does not point to any errors of fact or law in the district court's decision, nor does he show that

3

a reasonable person could not have taken the same position. Based on the record before us, we conclude the district court did not abuse its discretion.

Affirmed.